IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLYDE WAYNE BRONSON, | ) | 8:10CV442 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner Clyde Wayne Bronson ("Bronson") are, when liberally construed, potentially cognizable in federal court. Bronson has made six claims.

Condensed and summarized for clarity, the claims asserted by Bronson are:

Claim One: Bronson was denied due process of law in violation of the Sixth and Fourteenth Amendments *because* (1) the trial court lacked subject matter jurisdiction because the arrest warrant was "subscribed and sworn" before the "charged criminal conduct" occurred; (2) the information did not "bear the official seal and signature" of anyone attesting that the information was "true and filed"; (3) Bronson's sentence is "illegal"; and (4) the trial court failed to adequately define the terms "second degree murder" and "manslaughter" in the jury instructions.

Claim Two: Bronson's conviction was the result of constitutionally defective jury instructions in violation of the Sixth and Fourteenth Amendments *because* (1) the jury

instructions used the term "malice," which required speculation and conjecture by the jury and was "at odds with" terms used in other jury instructions; (2) jury instructions one through 16 did not define "intent"; and (3) the jury instructions conflicted with the information.

Claim Three: Bronson was denied trial by an impartial jury in violation of the Sixth and Fourteenth Amendments *because* one of the prospective jurors lied during voir dire and did not disclose that she had previously car pooled with Bronson.

Claim Four: Bronson was denied due process of law in violation of the Sixth and Fourteenth Amendments *because* the jury was allowed to consider "false testimony and fabricated evidence" such as a "blood fingerprint" found on a vase at the crime scene even though the substance was never identified as blood.

Claim Five: Bronson was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments *because* trial counsel failed to (1) investigate, research, and file a motion challenging the arrest warrant on the basis that it was void and failed to raise Claim One; (2) raise Claim Four; (3) object to the jury instructions; (4) object to the juror who lied during voir dire; and (5) offer rebuttal evidence that the State tampered with evidence.

Claim Six: Bronson was denied the effective assistance of appellate

counsel in violation of the Sixth and Fourteenth Amendments *because* appellate counsel failed to raise Claims One through Five on direct appeal.

Liberally construed, the court preliminarily decides that all six of Bronson's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Bronson from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (filing no. 1), the court preliminarily determines that Bronson's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. The clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to the respondent and the Nebraska Attorney General by regular first-class mail.

3. By **February 3, 2011**, the respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: February 3, 2011: deadline for the respondent to file state court records in support of answer or motion for summary judgment.

4. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and Bronson:

    A. The motion for summary judgment shall be accompanied by a

3

       separate brief, submitted at the time of the filing of the motion.

B.     The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.     Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon Bronson *except* that the respondent is only required to provide Bronson with a copy of the specific pages of the record which are cited in respondent's brief. In the event that the designation of state court records is deemed insufficient by Bronson, Bronson may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of the motion for summary judgment, Bronson shall file and serve a brief in opposition to the motion for summary judgment. Bronson shall submit no other documents unless directed to do so by the court.

E.     No later than 30 days after the filing of Bronson's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for

    decision.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**.

5.    If the respondent elects to file an answer, the following procedures shall be followed by the respondent and Bronson:

    A.    By **February 3, 2011**, the respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B.    No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Bronson's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or

successive petition. *See*, *e.g.*, [Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*](#).

C. Copies of the answer, the designation, and the respondent's brief shall be served upon Bronson at the time they are filed with the court *except* that the respondent is only required to provide Bronson with a copy of the specific pages of the designated record which are cited in respondent's brief. In the event that the designation of state court records is deemed insufficient by Bronson, Bronson may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the respondent's brief, Bronson shall file and serve a brief in response. Bronson shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Bronson's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 7, 2011: check for the respondent to file answer and

separate brief.

6.     No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

7.     Bronson's Motion for Leave to Proceed In Forma Pauperis (filing no. 4) is denied as moot because Bronson paid the filing fee on December 7, 2010.

Dated December 29, 2010.

                          BY THE COURT

                          s/ Warren K. Urbom
                          United States Senior District Judge