IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLYDE WAYNE BRONSON, | ) | 8:10CV442 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER GRANTING** |
| FRED BRITTEN, Warden, | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| Respondent. | ) | |

    This matter is before the court on the respondent's Motion for Summary Judgment. (Filing No. 8.) In support of his motion, the respondent, Fred Britten, ("Britten") filed a brief in support (filing no. 10), a reply brief (filing no. 12), and relevant state court records (filing no. 9). The petitioner, Clyde Wayne Bronson, ("Bronson") filed a brief in opposition to the motion. (Filing No. 11.) This matter is therefore deemed fully submitted, and, as set forth below, the Motion for Summary Judgment is granted.

## I.  BACKGROUND

    On January 14, 1992, a jury found Bronson guilty of one count of first degree murder and one count of use of weapon to commit a felony. (Filing No. 9-9, Attach. 9, at CM/ECF p. 2.) The Douglas County District Court thereafter sentenced Bronson to serve a prison term of life on the murder conviction and 20 years on the use of a weapon conviction. (*Id.*) Bronson's counsel filed a timely appeal, and the Nebraska Supreme Court affirmed the convictions and sentences on March 12, 1993. (Filing No. 9-1, Attach. 1, at CM/ECF pp. 1-16.)

    On March 25, 2002, Bronson filed an amended motion for DNA testing, which the Douglas County District Court granted. (Filing No. 9-2, Attach. 2, at CM/ECF pp. 2, 5.) After DNA testing, the Douglas County District Court upheld Bronson's

conviction, and the Nebraska Supreme Court affirmed that decision in an opinion issued on December 12, 2003. (*Id.* at pp. 1-12.) The Nebraska Supreme Court denied Bronson's motion for rehearing on January 14, 2004. (Filing No. 9-4, Attach. 4, at CME/CF p. 2.)

Bronson filed a verified motion for postconviction relief in the Douglas County District Court on August 3, 2009 (the "Post Conviction Motion") (Filing No. 9-9, Attach. 9, at CME/CF pp. 1-11.) and the Douglas County District Court denied the Post Conviction Motion on January 6, 2010. (*Id.* at CME/CF pp. 12-17.) Bronson filed an appeal of that decision; however, the Nebraska Supreme Court dismissed the appeal for lack of jurisdiction because it was not timely filed. (*Id.* at CM/ECF pp. 23-24; Filing No. 9-6, Attach. 6, at CM/ECF p. 2.)

Bronson filed his Petition for Writ of Habeas Corpus (the "Petition") in this court on November 26, 2010. (Filing No. 1.) Britten thereafter filed his Motion for Summary Judgment, arguing that Bronson's petition is barred by the relevant statute of limitations. (Filing No. 10.) In opposition, Bronson argues the merits of his petition. (Filing No. 11.)

## II. ANALYSIS

### A. Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the

2

conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the Eighth Circuit has "recognized a one-year grace period running from AEDPA's enactment for prisoners whose state court proceedings were completed prior to AEDPA's enactment." *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003). AEDPA's effective date was April 24, 1996. *Id.* In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues).

Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, then, is whether the Petition was filed within one year of "the date on which the judgment became final by the

3

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Bonson's conviction was final in 1993, prior to the effective date of the AEDPA. (Filing No. 9-1, Attach. 1, at CM/ECF pp. 1-16.) Thus, the Petition is subject to the grace period, and must have been filed no later than April 24, 1997. Bronson did not file his Petition in this court until November 26, 2010. (Filing No. 1.) Bronson filed his motion for DNA testing in the state court on March 25, 2002. (Filing No. 9-2, Attach. 2, at CM/ECF p. 5.) Assuming, without deciding, that the motion for DNA testing constituted a state-court collateral review proceeding which tolled the statute of limitations, that motion was not filed until approximately five years after the statute of limitations *had already expired*. As such, it does not toll the statute of limitations. Moreover, the DNA testing proceedings were final on January 14, 2004, and an additional five years passed before Bronson filed his post conviction motion. In light of this, the court finds that Bronson's Petition was not timely filed.

### B. Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

4

Even with the most liberal construction, Bronson does not argue that equitable tolling applies to his late-filed Petition. (Filing No. 11.) Rather, Bronson argues the merits of his Petition. There is nothing in the record showing that Bronson pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Bronson's way of timely filing his Petition. The court finds that equitable tolling does not apply and Bronson's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that:

1. the respondent's Motion for Summary Judgment (filing no. 8) is granted. The petitioner Clyde Wayne Bronson's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice. All other pending motions are denied.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated June 6, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

5